[L. A. No. 95.   Department Two.—October 12, 1896.]

## J. W. RITZMAN, APPELLANT, *v.* F. E. BURNHAM, RESPONDENT.

JUSTICE'S COURT — BIAS OF JUSTICE — DENIAL OF CHANGE OF VENUE — VALIDITY OF JUDGMENT — CONSTABLE'S SALE — CONVERSION.—The refusal of a justice of the peace to allow a change of venue, upon an affidavit showing the interest, prejudice, and bias of the justice, though erroneous, and subject to reversal upon appeal, does not render subsequent proceedings before the justice without jurisdiction, nor invalidate the judgment rendered by him, nor render the constable liable to the defendant for the conversion of his property sold under execution issued upon such judgment.

ID.—DISMISSAL OF APPEAL—AFFIRMANCE OF ERRONEOUS JUDGMENT.—The dismissal of an appeal from the erroneous judgment of the justice for a technical defect has the effect to affirm the erroneous judgment, and to put it beyond attack for any error which could have been availed of on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.   WALDO M. YORK, Judge.

The facts are stated in the opinion of the court.

*William E. Cox,* for Appellant.

Section 833 of the Code of Civil Procedure is manda-

tory. (*State* v. *Shaw,* 43 Ohio St. 324; *Witter* v. *Taylor,* 7 Ind. 110; *Heshion* v. *Pressley,* 80 Ind. 494; *Shattuck* v. *Myers,* 13 Ind. 49.) The jurisdiction of the court to take any step in the case, save to transfer it, ceases on the filing of the proper statutory affidavit and motion made. (*Fisk* v. *Union Pac. R. R. Co.,* 8 Blatchf. 243; *New York Silk Mfg. Co.* v. *Second Nat. Bank,* 10 Fed. Rep. 204; Dillon on Removal of Causes, sec. 15; *Railroad Co.* v. *Koontz,* 104 Wis. 5; *Shaft* v. *Phœnix etc. Ins. Co.,* 67 N. Y. 544; 23 Am. Rep. 138; *Stevens* v. *Phœnix Ins. Co.,* 41 N. Y. 149.) The dismissal of the appeal to the superior court could have no greater effect than to reinstate the judgment appealed from to its void state.

*G. A. Gibbs,* for Respondent.

Section 833 of the Code of Civil Procedure is not mandatory. (*Santa Cruz etc. Co.* v. *Heaton,* 105 Cal. 162; Practice Act, sec. 582; *Flagley* v. *Hubbard,* 22 Cal. 35.) The justice having jurisdiction of the subject matter and of the person, any error (if error there was) did not oust the court of jurisdiction. (*Chase* v. *Christianson,* 41 Cal. 253.) The dismissal of the appeal from the justice court, by the superior court, was an affirmance of the judgment. (Code Civ. Proc., sec. 955; *Spinnetti* v. *Brignardello,* 54 Cal. 521; *Garibaldi* v. *Garr,* 97 Cal. 253; *Williamson* v. *Middlesex County,* 42 N. J. L. 386; *Dowling* v. *Polack,* 18 Cal. 626; *Reynolds* v. *County Court,* 47 Cal. 604.)

TEMPLE, J.—This is an action brought to recover damages for the conversion of certain horses. Defendant recovered judgment and plaintiff appeals. Among other reasons given by the respondent why the judgment should not be reversed is the claim that the complaint states no cause of action. As I think the claim must be sustained, it will not be necessary to mention other points.

The complaint is not in the usual form for conversion, but proceeds with the narration of certain alleged facts.

After an interesting narrative which does not concern this case, it states that defendant sued plaintiff before a justice of the peace for the conversion of a horse, buggy, and harness; that while that action was pending this plaintiff—defendant in that case—moved the court for a change of venue on an affidavit stating that he believed he could not have a fair trial before the said justice by reason of the interest, prejudice, and bias of the said justice. Thereupon the said justice of the peace over-ruled the said motion for a change of venue, and over the objection of the defendant in that case—plaintiff here—proceeded to try the cause, and rendered judgment for the plaintiff in that case against this plaintiff for one hundred and ninety-five dollars and costs of suit. It is then averred: "That afterward, on the —— day of November, 1893, a so-called execution was issued by said justice on said void judgment to the constable of said township, directing him to levy on and sell the property of said defendant in that action (plaintiff herein), to satisfy said so-called judgment and costs, and said constable, at the instance and request and direction of the said Burnham, caused a so-called levy and sale of five horses, the property of this plaintiff. That the said Burnham ratified said sale and received the proceeds thereof, and converted the said horses and the said money received from a sale thereof to his own use, without right or authority of law, and over the objection of this plaintiff."

The complaint contains no other averment of any conversion, and manifestly the conversion averred is simply the sale by the constable under execution duly issued upon the judgment recited, and plaintiff claims that it was a conversion on the ground that the judgment against him was void.

It is also obvious that the ground upon which appellant claims that the judgment rendered against him by the justice was void is, that the motion for a change of venue ousted the justice of jurisdiction. No authority for any such proposition is cited, and I presume

none could be. It may be admitted that the statute is mandatory, and that if the defendant in that action had remained and contested the case he would not thereby have waived his objection, but might have procured a reversal for such error on appeal, but it does not follow that all subsequent proceedings were without jurisdiction. *People* v. *Hubbard*, 22 Cal. 35, is an authority to the contrary. The proceeding for the transfer of a cause from a state to a federal court is not a proceeding for a change of venue, and the effect of filing the affidavit and bond is declared by the law of Congress. Cases under that law have no bearing on this case. The judgment was therefore not void, and the complaint states no cause of action.

Another point is, that the case was appealed by the plaintiff from the justice court to the superior court, where the appeal was dismissed for some technical defect in the appeal. It is claimed that this dismissal was an affirmance. Had the judgment appealed from been entirely void I do not suppose such a dismissal would have made it a valid judgment, but, as it was merely erroneous, such dismissal did have the effect of putting it beyond attack for any error which could have been availed of by the appellant on that appeal.

For these reasons the judgment is affirmed.

MCFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.