[Civ. No. 78.   Second Appellate District.—November 16, 1905.]

## EDWIN R. FOX, Appellant, v. W. H. TOWNSEND et al., Respondents.

JUDGMENT—MOTION TO VACATE—WANT OF PERSONAL SERVICE—ANSWER TO MERITS—YEAR LIMITATION NOT AFFECTED BY SHORTENING TIME FOR APPEAL.—The limitation of one year for the remedy by motion to vacate a judgment for want of personal service to allow an answer to the merits, under section 473 of the Code of Civil Procedure, which is wholly independent of the remedy by appeal, is not affected by the shortening of the time for appeal from the judgment for the period of one year to the period of six months by the amendment of 1897 to section 939 of the Code of Civil Procedure, nor by the fact that the judgment has become final, and the action is not pending under section 1049 of that code.

ID.—REPEALS BY IMPLICATION NOT FAVORED.—Repeals by implication are not favored in law; and the statute having expressly given the defendant a remedy by motion against the judgment, of which he may take advantage at any time within one year, it will not be presumed that it was intended to curtail this right by any other statute which makes no reference to such remedy.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a judgment.   M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Cole & Cole, for Appellant.

O. B. Carter, for Respondents.

GRAY, P. J.—This is an appeal by plaintiff from an order, made December 18, 1903, setting aside, as to defendants Green and Harris, a decree quieting title, which decree bears date December 22, 1902, and permitting an answer to the merits of the action.   The order was granted in pursuance of the provisions of section 473 of the Code of Civil Procedure on the ground that the summons was not personally served upon the said defendants Green and Harris.

Appellant's contention is that by the provisions of section 939 of the Code of Civil Procedure the time for appeal is limited to six months, and that section 1049 of the same

2 Cal. App.—13

code provides that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied," and that the amendment of said section 939 in 1897, shortening the time of appeal from one year to six months, must be taken as nullifying the provision of section 473, giving a year's time after the judgment in which to move to set aside the same, where personal service of summons has not been had. We can see no good reason why the amendment of 1897, relating to appeals only, should be treated as an amendment or "nullification" of another section of the code relating to another remedy independent of an appeal, and having no necessary connection therewith. We know that repeals and amendments to the law have sometimes been implied. But repeals by implication are not favored in the law. We know of no case, and are cited to none, wherein the shortening of the time of one remedy given by the statute has been held by implication to shorten the time of another existing and independent remedy. The fact that the case is no longer "pending" in no way interferes with any attack on the judgment based upon any reason for which the judgment should be held absolutely void; and the statute having expressly given the defendant a remedy against the judgment, which he may take advantage of at any time within a year, it will not be presumed that it was intended to curtail this right by any other statute which makes no reference to such remedy, but the other statute will be permitted to operate only on the remedy to which it expressly refers. No contention is made that the court abused its discretion in setting aside the judgment. The only point urged by appellant is the above, and is to the effect that, the judgment having become final, the court had lost jurisdiction to proceed, as it did, under section 473 of the Code of Civil Procedure.

The order appealed from is affirmed.

Smith, J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 15, 1906.