[Civ. No. 1129.   Second Appellate. District.—May 20, 1912.]

STANLEY S. LaDUE, Appellant, v. FRANK S. FORBES, Justice of the Peace in and for Los Angeles Township, Los Angeles County, State of California, Respondent.

Justice's Court—Consolidated Trial of Actions—Separate Verdicts —Aggregate Excess Immaterial.—Where, for convenience, two actions were by stipulation consolidated for the purpose of trial, and separate verdicts were rendered, each for less than $300, the fact that the verdict also specifies the aggregate amount found due in the two actions in excess of the jurisdictional sum does not render the verdicts uncertain or in excess of jurisdiction.

Id.—Writ of Review—Want of Jurisdiction —Absence of Remedy by Appeal.—Want of jurisdiction alone is not a ground for a writ of review, if there be an adequate remedy by appeal to the superior court, as appears in the present case as respects the aggregate verdict.

APPEAL from an order of the Superior Court of Los Angeles County dismissing an application for a writ of review. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Hugh J. Crawford, for Appellant.

F. E. Davis, for Respondent.

SHAW, J.—Plaintiff, as petitioner, filed in the superior court his application for a writ of *certiorari,* the purpose of which was to have reviewed certain proceedings had and taken in the justice's court of Los Angeles township in two certain cases wherein Will H. Grosscup was plaintiff and Stanley S. LaDue, the petitioner, was defendant.

In one of said cases, numbered upon the justice's docket as 14,003, the amount of the demand was $212.50; in the other, the number of which upon the justice's docket was 14,004, the amount of the demand was $175. At the trial it was in open court stipulated by the parties "that the two actions might be consolidated for the purpose of trial and be tried together, and that the evidence and arguments of the one case might be considered as the evidence and arguments in the other case, and that the cases might be submitted to the jury for decision at one and the same time upon the same evidence and same arguments; that this stipulation was adhered to by both parties and their respective attorneys throughout the entire trial and the said two cases were both submitted to the said jury for determination at the same time." The jury called to try the cases brought in a verdict as follows:

"(Title of Court and Cause)    Case No. 14,003
                              "Case No. 14,004.

"We, the Jury in the above entitled case, find for the plaintiff in the sum of 387.50 dollars.

"14003—212.50
"14004—175.00, Other case.
                              "Foreman,
                                        "E. H. McANINCH."

Upon this verdict the justice entered upon his docket a judgment in case No. 14,003 for $212.50 and costs, and in

case No. 14,004 gave judgment for the sum of $175 and costs. At the hearing upon the application for the writ the same was dismissed, and petitioner appeals from the order dismissing the same.

Appellant contends that the verdict of the jury was in excess of the jurisdiction of the justice's court and, therefore, null and void, and ineffectual as a basis for the judgments rendered. The verdict appears to have been rendered pursuant to the stipulation, and we are unable to perceive any uncertainty therein. It clearly appears therefrom that in the one case the jury by its verdict found the sum of $212.50 to be due, and that in the other it found the sum of $175 to be due. The fact that it also specified the aggregate of these two sums is no ground for the contention that the verdict is uncertain, or that it purported to specify an amount in excess · of that over which the court had jurisdiction.. The verdict does not purport to be for $387.50 in either case, but particularly specifies the sum due in each case, the total of which amounts to $387.50.

However this may be, and even though it be conceded that the acts of the court were in excess of its jurisdiction, nevertheless, petitioner had an adequate remedy on appeal to the superior court. Want of jurisdiction alone will not justify the issuance of the writ of review, but it must further appear that there is no plain, speedy and adequate remedy. (Code Civ. Proc., sec. 1068; *Bennett* v. *Wallace,* 43 Cal. 25; *Valentine* v. *Police Court,* 141 Cal. 617, [75 Pac. 336].)

The order from which petitioner appeals is affirmed.

Allen, P. J., and James, J., concurred.