[Civ. No. 4567. Second Appellate District, Division One.—December 17, 1923.]

## THE PEOPLE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] STATUTORY CONSTRUCTION—REPEAL—INTENT.—In order for a subsequent act to repeal a former, it should appear from the last act that it was intended to take the place of or to repeal the former, or that the two acts are so inconsistent that force and effect cannot be given to both.

[2] ID.—JUSTICE'S COURT APPEALS—TIME.—Section 1467 of the Penal Code, which was amended in 1907, to provide that justice's court appeals may be taken, heard, and determined as provided in title nine, part two of this code, "except that such appeal must be taken within fifteen days after the judgment is rendered," was not repealed by section 1240 of the Penal Code, enacted in 1909, which provides that "an appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same"; and the right of the people to appeal from a judgment of dismissal is not lost until after the expiration of fifteen days after the judgment was rendered.

APPLICATION for a Writ of Mandate to compel the Superior Court of Los Angeles County, Sidney N. Reeve, Judge, to hear and determine certain appeals. Writ issued.

The facts are stated in the opinion of the court.

Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Petitioner.

Edward T. Bishop, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondents.

Haas & Dunnigan and J. J. Wilson, *Amici Curiae.*

HOUSER, J.—This is an application for a writ of mandate for the purpose of directing the superior court in and for the county of Los Angeles and Sidney N. Reeve, as a judge thereof, to hear and determine certain appeals from the justice's court of Los Angeles township.

The essential facts surrounding the matter appear to be that in two several actions pending before the justice's

court of Los Angeles township, in which certain defendants were charged with a violation of the provisions of section 626f of the Penal Code in that they unlawfully had deer and deer meat in their possession, a justice of the peace (in all respects regularly, but in the absence of the district attorney or any deputy district attorney representing the people) had sustained demurrers in each of said cases and, in addition thereto, had ordered each of the actions dismissed. Later, on the same day, a deputy district attorney appeared before the justice of the peace in his chambers and gave oral notice of appeal from each of the said judgments of dismissal, and still later, and on the same day, filed in the justice's court a written notice of appeal in each of said actions; following which the defendants therein served upon the district attorney their several notices of motion to dismiss each of said appeals on the ground that the court had no jurisdiction, and that the appeals were not taken as provided by law, which said motions were and each of them was granted by the judge of the superior court.

In view of the fact that it is conceded that *mandamus* is the proper remedy herein the only question which this court need determine is the one suggested by counsel for petitioner: Were the appeals in these cases taken at the proper time?

The right of appeal in such cases is provided for by section 1466 of the Penal Code, and section 1467 of the Penal Code contains the provision with reference to the time within which the appeal may be taken, as follows: "The appeal may be taken, heard and determined as provided in title nine, part two of this code, except that such appeal must be taken within fifteen days after the judgment is rendered or within ten days after the order is made from which the appeal is taken."

It will be noted that the effect of said section is to make the right of appeal from the justice's court to the superior court identical with the right of appeal from the superior court to the supreme court, except that in appeals from the justice's court to the superior court the appeal "must be taken within fifteen days after the judgment is rendered." It is contended by respondents that because under section 1240 of the Penal Code (which is included within title IX,

part II, of the Penal Code, to which section 1467 regulating the appeals from the justice's court to the superior court relates) it is provided that in appeals from the superior court to the supreme court "an appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same"; and because of the further fact that said section 1240 was enacted at a later date than was said section 1467—an implied repeal as to section 1467 resulted. The argument of respondents is based upon the history of the legislation in the matter. Section 1466 of the Penal Code, which provides for appeals from justices' courts, has remained unaltered since its amendment in 1880; and until 1907, when the exception that such appeals "must be taken within fifteen days after the judgment is rendered," etc., was added to section 1467, said section 1467 merely provided that such appeals might be taken as provided in title IX, part II, of the Penal Code. Up to 1907 section 1239 of title IX of part II of the Penal Code required that appeals from a judgment in a superior court to the supreme court must be taken within one year after its rendition; and by section 1240 of the Penal Code, the appellant was required to file with the clerk of the court a notice of such appeal and to serve a copy of such notice on the adverse party. In 1907 section 1239 was amended so that thereafter appeals by the defendant from a judgment of the superior court to the supreme court had to be taken within ninety days from the rendition of the judgment; and it was at the same legislative session that section 1467 of the Penal Code was amended as heretofore stated. Section 1240 was not amended in its present form until 1909.

It is urged that the amendment of 1907 to section 1467 of the Penal Code "was a limitation applicable to appeals to superior courts upon the time which was otherwise prescribed by section 1239 and which would apply in the absence of the limitation."

The fact that section 1466 of the Penal Code provides that appeals from the justice's court to the superior court may be taken in like cases and for like causes as appeals may be taken to the supreme court, and that section 1467 of the Penal Code provides that such appeals may be taken as provided in effect in sections 1239 and 1240 of the Penal

Code, might be conclusive were it not for the special exception in section 1467 that justice's court appeals from the judgment must be taken within fifteen days after the judgment is rendered. In 1907, when such exception was enacted, section 1239 was also amended so that appeals from a judgment in a superior court might be taken within ninety days after the rendition of the judgment. The conclusion is irresistible that the legislature intended that the time for taking appeals from the justice's court should be differentiated from the time for taking appeals from superior courts. Having thus expressly separated the time for taking such respective appeals, it should now require strong and explicit language to reunite them in that regard. That repeals by implication are not favored is a well-known principle of law. The intention to do so must be unmistakable, or there must be a direct statutory enactment to accomplish that result. [1] In substance, it has been decided by our supreme court many times that in order for a subsequent act to repeal a former, it should appear from the last act that it was intended to take the place of or to repeal the former, or that the two acts are so inconsistent that force and effect cannot be given to both. (*In the Matter of Yick Wo,* 68 Cal. 304 [58 Am. Rep. 12, 9 Pac. 139], and cases there cited; *Christy* v. *Board of Supervisors,* 39 Cal. 10; *Capron* v. *Hitchcock,* 98 Cal. 432 [33 Pac. 431].) The principle applicable herein is covered in the case of *Bateman* v. *Colgan,* 111 Cal. 586 [44 Pac. 238], where the court says, "it is an established rule that the law does not favor a repeal by implication, but that, where there are two provisions relating to the same subject matter, they must, if possible, be construed so as to maintain the integrity of both. And, where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter, so far as coming within its particular provisions."

In the case entitled *Matter of Petition of Johnson,* 167 Cal. 142 [138 Pac. 740], it is held (syllabus) that "repeals of statutes by implication are not favored. A later act, containing no repealing clause, does not repeal a prior act

except so far as the two are clearly inconsistent, or unless it is manifest that the latter act was intended as a substitute for the former in all respects and to cover the entire subject matter to which both relate. In other words, the language of repeal, to be effective, must be of unmistakable meaning. See, also, *Fox* v. *Townsend,* 2 Cal. App. 193 [83 Pac. 272]; *Reed Orchard Co.* v. *Superior Court,* 19 Cal. App. 648 [128 Pac. 9]; *People* v. *Pacific Improvement Co.,* 130 Cal. 442 [62 Pac. 739]; *People* v. *Sands,* 102 Cal. 12 [36 Pac. 404]; *Thompson* v. *Board of Supervisors,* 111 Cal. 553 [44 Pac. 230]; *Banks* v. *Yolo County,* 104 Cal. 258 [37 Pac. 900].

[2] We have here two statutes relating to the same subject matter; one of them by its exception applies strictly to appeals from the justice's court, and the other as originally enacted and without reference thereto by any other statute, applies solely to appeals from the superior court. They are not irreconcilably inconsistent one with the other. There is no express repeal of the statute first enacted, and it may stand without doing violence to the later statute. In such circumstances it must be held that the right of the people to appeal herein was not lost until after the expiration of fifteen days after the judgment was rendered.

It is also contended that under the provisions of section 1387 of the Penal Code the effect of the dismissal of the actions by the justice of the peace was to produce a bar to any other prosecution for the same offense. But the appeal being effective, neither the question of the legality nor the effect of such dismissal is one for determination by this court in this proceeding. If the superior court should conclude that the dismissal of the actions by the justice's court was illegal, necessarily any question of bar by reason of the provisions of section 1387 of the Penal Code would be eliminated, as would also any question of "once in jeopardy," which is also suggested by counsel as being proper for this court to determine at this time.

It is ordered that the writ issue as prayed.

Conrey, P. J., and Curtis, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1924.

All the Justices concurred.