[Civ. No. 4610.    Second Appellate District, Division One.—January 7, 1924.]

## HOCHHEIMER & COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF KERN COUNTY et al., Respondents.

[1] Justice's Courts — Appeal — Dismissal—Jurisdiction.—Section 981a of the Code of Civil Procedure, passed in 1923, relating to the dismissal of justice's court appeals after the lapse of one year and providing that as to pending appeals a judgment of dismissal should not be entered "under the direction" of said section sooner than January 1, 1924, did not take from the superior court the general powers therein vested under the provisions of section 980 of that code, which authorizes dismissals for failure to prosecute appeals, as well as for unnecessary delays in bringing them to a hearing; neither did said section 981a in any manner trench upon the inherent power of the superior court to deal with such matters.

[2] Statutory Construction—Repeal by Implication.—Repeals by implication are not favored; and it is only where the two statutes are irreconcilably inconsistent one with the other that such a repeal may be said to exist.

[3] Justice's Court—Judgment on Counterclaim—Jurisdiction—Appeal.—The superior court, to which an appeal from a justice's court judgment is taken, has power to determine whether such inferior court had jurisdiction to render judgment against the plaintiff on a counterclaim.

[4] Certiorari—Right of Appeal—Laches.—*Certiorari* will not lie where a remedy by appeal exists or where the right of appeal has been lost by laches.

PROCEEDING in Certiorari to determine the jurisdiction of the Superior Court of Kern County, and J. W. Mahon, Judge, to dismiss an appeal from a Justice's Court judgment.    Writ discharged.

The facts are stated in the opinion of the court.

Kaye & Siemon for Petitioner.

Brittan & Brittan for Respondents.

HOUSER, J.—*Certiorari.* The purpose of this proceeding is to determine whether or not the superior court exceeded its jurisdiction in dismissing an appeal from the justice's court; also whether or not the justice's court exceeded its jurisdiction in the action pending before it in rendering a judgment on a counterclaim.

It appears that judgment was rendered against the plaintiff on a counterclaim in the justice's court in the month of April, 1919; that shortly thereafter an appeal therefrom to the superior court was perfected by the plaintiff and the cause set for trial in the superior court on November 5, 1919, at which time, neither of the parties appearing in court, the cause went "off calendar." Nothing further was done in the matter by anyone connected therewith until on or about October 1, 1923, at which time plaintiff's attorneys served on defendants a notice of motion to set the cause for trial, and on the same day defendants' attorneys served on plaintiff a notice of motion to dismiss the appeal on the ground that it had not been diligently prosecuted, which latter motion was granted by the court.

Section 980 of the Code of Civil Procedure, which deals with the powers of the superior court on appeal, and which section since its amendment in 1880 has remained unaltered, provides in part that "for a failure to prosecute an appeal, or unnecessary delay in bringing it to a hearing, the superior court, . . . may order the appeal to be dismissed."

The legislature at its session in 1923 [Stats. 1923, p. 755], passed an act known as section 981a of the Code of Civil Procedure, which also affects appeals from the justice's court. Its provisions, so far as are deemed here applicable

in the consideration of that part of the particular matter now before the court, are as follows: "No action heretofore . . . appealed from the justice court . . . shall be further prosecuted, . . . where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal . . . ; *provided, however,* that in any appeal pending when this section takes effect, a judgment or (of) dismissal shall not be entered under the direction hereof sooner than January first, 1924."

Petitioner's contention is that, without reference to the length of time any appeal from the justice's court to the superior court may have been pending, the language of the section of the code just quoted precludes the superior court from dismissing any such appeal until January 1, 1924—in other words, that, notwithstanding the general powers of the superior court under section 980 of the Code of Civil Procedure, which permits dismissals for failure to prosecute appeals, or for unnecessary delay in bringing an appeal to a hearing, the provisions of section 981a are a limitation upon such powers. Aside from the inherent power of the superior court to order a dismissal of an action which has not been diligently prosecuted, and which dismissal might be ordered, even in the absence of statutory authority as contained in section 980 of the Code of Civil Procedure, it will be noted that the statute under which petitioner claims immunity for its lack of diligence expressly provides that as to any pending appeal no judgment of dismissal shall be entered *"under the direction"* of such statute until January 1, 1924; that is to say, that the preceding provisions of such statute shall be no authority for the dismissal of any pending appeal until January 1, 1924.

[1] The statute does not purport to take from the court the general powers therein vested under the provisions of section 980 of the Code of Civil Procedure, which authorizes dismissals for failure to prosecute appeals, as well as for unnecessary delays in bringing them to a hearing, much less does the statute under consideration appear to in any manner trench upon the concededly inherent power of the court to deal with such matters. The greater part of the force of the statute is expended in directing that no dismissal shall be had "under the direction"

thereof until a certain fixed time has arrived; that is to say, that no appeal should be dismissed solely by virtue of this section (and having nothing to do with any similar right conferred by any other section, or through the inherent power of the court) before the time fixed by the statute. So far as the provisions of section 980 of the Code of Civil Procedure are concerned, or as regards the inherent power of the court, the law relating to the dismissal of justice's court appeals is unaffected by any provision contained in section 981a.

The additional language of the statute under consideration, to the effect that "by existing rule or by rule hereafter to be enacted" the superior court may "provide for dismissal of such appeal within a time less than one year," constitutes further ground for assuming that the intention of the legislature was to leave undisturbed the existing law with reference to the power of the court to dismiss such appeal. The apparent intention of the legislature was to *shorten* the time within which an appellant must procure action to be taken on his appeal, and to give effect to the construction of the statute for which petitioner contends would be to thwart the evident purpose of the legislature in enacting the statute. If the power given to the superior court of the provisions of section 980 of the Code of Civil Procedure were taken away, an appeal which at the time the statute became effective had been pending for ten years could not be dismissed for an additional period of several months, irrespective of manifestly deliberate failures to prosecute such appeals or unnecessary and intentional delays in bringing them to a hearing. Under section 980 of the Code of Civil Procedure, what constitutes "a failure to prosecute an appeal," or what length of time amounted to an "unnecessary delay in bringing it to a hearing," was somewhat elastic and indefinite— permitting much diversity of construction of such language, and while in the exercise of a sound discretion the circumstances of each case should be taken into consideration by the court in its determination of such questions, the necessity for greater uniformity with reference to such matters is recognized by the legislature in its declaration that hereafter one year shall be considered as the outside

65 Cal. App.—14

limit within which (barring stipulations of counsel extending the time) final action on appeals must be taken.

[2]  It is also apparent that the inevitable result of sustaining petitioner's contention with reference to the claimed limitation of section 981a of the Code of Civil Procedure, upon the powers of the court as set forth in section 980 of the Code of Civil Procedure, would be the virtual repeal of that part of said section which may be in conflict with the provisions of section 981a, but the rule of law is that repeals by implication are not favored. It is only where the two statutes are irreconcilably inconsistent one with the other that such a repeal may be said to exist. (*Matter of Petition of Johnson,* 167 Cal. 142 [138 Pac. 740] ; *Fox v. Townsend,* 2 Cal. App. 193 [83 Pac. 272] ; *Reed Orchard Co.* v. *Superior Court,* 19 Cal. App. 648 [128 Pac. 9] ; *People* v. *Pacific Improvement Co.,* 130 Cal. 442 [62 Pac. 739] ; *People* v. *Sands,* 102 Cal. 12 [36 Pac. 404] ; *Thompson v. Board of Supervisors,* 111 Cal. 553 [44 Pac. 230] ; *Banks v. Yolo County,* 104 Cal. 258 [37 Pac. 900].)

[3]  The second point raised by petitioner is that the judgment in the justice's court was void for the reason that such court had no jurisdiction to enter the judgment, but, without directly considering the point itself, it is clear that the superior court to which the appeal was taken had power to determine the matter as a question of law arising on such appeal. It is said in *Smith* v. *Westerfield,* 88 Cal. 380 [26 Pac. 206] : "This court will not, however, dismiss an appeal from a judgment of the superior court upon the ground that that court had no jurisdiction to entertain the proceeding when it has assumed such jurisdiction and rendered an affirmative judgment therein. Our appellate jurisdiction over the judgments of the superior court includes those in which that court improperly assumed jurisdiction, as well as those in which it was properly entertained. It is revisory of the action of that court, and is to be exercised by affirming, correcting, modifying, or setting aside its judgments; whereas, if the appeal therefrom is dismissed, the judgment would remain as originally pronounced." (See, also, *Barnhart* v. *Fulkerth,* 92 Cal. 155 [28 Pac. 221] ; *Ritzman* v. *Burnham,* 114 Cal. 524 [46 Pac. 379].)

[4] *Certiorari* will not lie where a remedy by appeal exists. (Sec. 1068, Code Civ. Proc.; *Bennett* v. *Wallace,* 43 Cal. 26; *Wittman* v. *Police Court,* 145 Cal. 474 [78 Pac. 1052]; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96 Pac. 803]; *Hildebrand* v. *Superior Court,* 173 Cal. 89 [159 Pac. 147]; *Baird* v. *Justice's Court,* 11 Cal. App. 442 [105 Pac. 259]; *LaDue* v. *Forbes,* 19 Cal. App. 126 [124 Pac. 867].)

It is, also well settled that *certiorari* will not lie where the right of appeal has been lost by laches. (*Bennett* v. *Wallace,* 43 Cal. 25; *Faut* v. *Mason,* 47 Cal. 7; *Valentine* v. *Police Court,* 141 Cal. 615 [75 Pac. 336]; *Green* v. *Rogers,* 18 Cal. App. 576 [123 Pac. 974].)

It therefore follows that petitioner should be denied any relief. The writ is discharged.

Conrey, P. J., and Curtis, J., concurred.