[Civ. No. 5454. Second Appellate District, Division Two.—December 30, 1926.]

DAN LILLYWHITE, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

[1] STATUTORY CONSTRUCTION — REPEALS — INTENTION—INFERENCES.— Repeals by inference are repugnant to established rules of statutory construction, and a court will be justified in holding that an enactment was meant to repeal an existing enactment only when the intention to repeal by inference is clear.

[2] JUSTICE'S COURT—APPEAL—TIME AND MANNER OF TAKING—NOTICE —STATUTORY CONSTRUCTION. — Section 1467 of the Penal Code, as amended in 1925, which provides that justice's court appeals may be taken, heard and determined as provided in title IX, part II, of the Penal Code, within fifteen days after judgment, by filing written notice of appeal, does not prevent the taking of an appeal from the justice's court to the superior court after conviction of a misdemeanor by an oral announcement in open court at the time of rendition of judgment, as provided by section 1239, the only effect of the amendment to section 1467 being to extend the time in which a written appeal may be taken and was not intended to affect the provision for the taking of an oral appeal.

[3] STATUTORY CONSTRUCTION — WORDS AND PHRASES — LEGISLATIVE INTENT.—It is a well-recognized rule of statutory construction that no single phrase or word of a law will be held to be meaningless, but effect will be given to every word where it is possible to do so consistently with the intent of the legislature as gathered from the entire statute, and weighed by other established rules of statutory interpretation.

(1) 36 **Cyc.**, p. 1071, n. 25, p. 1072, n. 28. (2) 16 **C. J.**, p. 373, n. 87. (3) 36 **Cyc.**, p. 1127, n. 47, p. 1128, n. 57, 58.

APPLICATION for a Writ of Mandate to require the Superior Court of Los Angeles County, Arthur Keetch, Judge, to set for hearing an appeal from a judgment of the Justice's Court of conviction of a misdemeanor. Writ granted.

1. See 23 Cal. Jur. 695; 25 R. C. L. 918.
3. See 23 Cal. Jur. 760; 25 R. C. L. 1004.

. The facts are stated in the opinion of the court.

C. B. Hubbard for Petitioner.

Everett W. Mattoon, County Counsel, and Pierce Works, Deputy County Counsel, for Respondents.

CRAIG, J.—The question involved in this proceeding is as to whether or not, in view of the provisions of section 1467 of the Penal Code, a written notice of appeal is required on the taking of an appeal from the justice's court to the Superior Court in a misdemeanor case.

The defendant was found guilty of a misdemeanor, a motion for a new trial was made and overruled, and judgment was pronounced. Thereupon, in open court, his attorney announced that he appealed from the judgment and the order denying such motion. No written notice of appeal was either filed or given. Later a time was set for hearing the appeal, but on motion of the district attorney it was dismissed on the ground that no written notice of appeal had been filed, and by this proceeding in *mandamus* it is sought to require the Superior Court to place the appeal upon its calendar and hear the same.

The issue arises from an alleged conflict between the provisions of sections 1239 and 1467 of the Penal Code. Title IX, part II, of the Penal Code contains the provisions for appeal to the supreme court. One of the sections therein is number 1239, which reads: "An appeal from a judgment may be taken by the defendant by announcing personally or through his attorney in open court at the time the judgment is rendered that he appeals from the same or by filing a written notice of appeal within two days after the rendition of judgment with the clerk of the court wherein judgment was rendered; and from any order made after judgment, by announcing in open court at the time the same is made that he appeals from the same."

Title XI, chapter II, deals with appeals to the Superior Court, and within it is to be found section 1467, which reads: "The appeal may be taken, heard and determined as provided in title nine, part two of this code, except that such appeal must be taken within fifteen days after the judgment is rendered in a justice's or police court, or entered in a

municipal court, or within ten days after the order is made from which the appeal is taken, by filing a written notice of appeal.

[1] Respondent argues that as to appeals to the supreme court in criminal cases the provisions of the section last quoted take the place of and repeal all of section 1239 upon the subject of time and manner of taking appeals; hence, that no such appeal may now be taken except by the filing of written notice within the time limits designated. Of course, there is no express repeal of that part of section 1239 which gives a defendant the right to appeal "by announcing personally or through his attorney in open court at the time the judgment is rendered that he appeals from the same." Such a repeal, if it has been made, must have been by inference. Repeals by inference are repugnant to established rules of statutory construction. Only when the intention to repeal by inference is clear will a court be justified in holding that an enactment was meant to repeal a formerly existing one. (*People* v. *Superior Court*, 64 Cal. App. 770 [222 Pac. 864].)

[2] The language of section 1467, as amended in 1925, and the circumstances surrounding the enactment thereof, do not meet these requirements. It cannot be said that an intent to repeal by inference is clear. The provision of section 1239 allowing appeals to be taken orally at the time of the rendition of judgment is not irreconcilably opposed to the language contained in section 1467 as it now reads. That this is so is made doubly clear from the fact that section 1239 authorizes both the oral method of appeal to the Superior Court, and that by written notice as well as by *People* v. *Superior Court, supra.*

Nor is there anything at all inconsistent with these conclusions found in the history of these sections and their amendments. It is true that until 1909 there was no provision in title XI, part II, for the taking of an appeal orally, although section 1467 of the Penal Code had previously required appeals to the Superior Court to be taken, heard, and determined as provided in the title having to do with appeals to the supreme court. In 1909 section 1239 was amended so as to allow an appeal to be taken orally in open court. No amendment was at that time adopted as to section 1467. Hence, the right to appeal orally as then provided in

section 1239 was extended to appeals taken to the Superior Court. In 1917 section 1239 was again amended, and this time to read in its present form, in effect still authorizing oral appeals to the Superior Court, as well as to the supreme court. Thereafter, and in 1925, section 1467 was amended by adding the words "by filing a written notice of appeal." Respondent argues that the order in which these changes in the section under discussion took place is evidence that the legislature intended to differentiate the method as well as the time of taking appeals to the Superior Court from those appealed to the supreme court. We cannot agree with the reasoning in that behalf, nor do we interpret *People* v. *Superior Court, supra,* as authority for that contention. Although the case last cited is relied upon by both of the parties to this appeal to uphold their respective claims, we are constrained to regard its purport to be as argued by the petitioner. An appeal to the Superior Court had been taken by filing a written notice of appeal. It was contended that since the amendment of section 1240 of the code providing that "such appeal must be taken within fifteen days after the judgment is rendered or within ten days after the order is made from which the appeal is taken," the latter was inferentially repealed and the only way left to take an appeal to the Superior Court was by oral announcement in open court at the time of the rendition of judgment. The argument of respondents is based upon the history of the legislation in the matter. The opinion points out the fallacy of this argument, and rejects it.

Nor can we agree with respondents that the real basis of the decision under consideration is the rule *expressio unius est exclusio alterius.* On the contrary, a careful analysis of the opinion shows that after stating the facts before the court and the general principles concerning the hostility of the law toward repeals by inference, the opinion proceeds to apply these principles to the facts in the following language: "We have here two statutes relating to the same subject matter; one of them by its exception applies strictly to appeals from the justice's court, and the other as originally enacted and without reference thereto by any other statute, applies solely to appeals from the superior court. They are not irreconcilably inconsistent one with the other. There is no express repeal of the statute first enacted, and it may

stand without doing violence to the later statute. In such circumstances it must be held that the right of the people to appeal herein was not lost until after the expiration of fifteen days after the judgment was rendered.''

No opportunity arose for the application of the maximum *expressio unius est exclusio alterius.* Nor is there such in the instant case.

Neither can we find room here for the rule announced in section 1859 of the Code of Civil Procedure to be brought into play. That section, cited by respondents, reads: ''When a general and a particular provision are inconsistent, the latter is paramount to the former.'' But obviously it is a condition precedent to the application of this rule that ''a general and a particular provision are inconsistent.'' We find no real conflict between the code sections here in question, but only that as to methods of taking appeals to the Superior Court they are to be read together, and when so read, provide alternatives. Other considerations lead us to the same conclusion.

But we think counsel have mistaken the issue. The problem to be determined is not so much whether or not there has been a repeal by inference as one of construction of the sections involved as they are now worded, and, of course, reading them together. As we have said, section 1239 provides for both oral appeals from judgments and those by written notice. As to the latter, until the amendment to section 1467 was enacted in 1925, the time within which the notice must have been filed was two days after the rendition of judgment. We think the only effect of the amendment was upon this provision, and in that regard the result is to extend the period from two to fifteen days. The words ''by filing a written notice of appeal,'' contained in section 1467, modify the subject of the phrase which precedes them. ''By filing a written notice of appeal'' limits the manner in which appeals may be taken; but not as to all such appeals—only those which are taken within fifteen days after the order is made from which the appeal is taken. Viewing the question in this light, it appears that the amendment was not intended to affect the provision for the taking of an oral appeal at the time judgment is rendered, but only to alter that which formerly concerned the taking of an appeal by written notice.

[3] It is a well-recognized rule of statutory construction that no single phrase or word of a law will be held to bo meaningless, but effect will be given to every word where it is possible to do so consistently with the intent of the legislature as gathered from the entire statute, and weighed by other established rules of statutory interpretation. Should we uphold the respondents' contention, the word "taken" in the first sentence would be given no meaning whatever, but would be eliminated from the law by judicial construction. All of the language following the word "except" is contained within and is applicable to the exception. To extract a few words from a proviso or exception clause and attach it to the body of the statute would be a novel procedure and one utterly irreconcilable with either the rules pertaining to the proper use of the English language or to those governing statutory interpretation.

Let the peremptory writ issue as prayed.

Thompson, J., and Houser, P. J., *pro tem.*, concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1927.

Seawell, J., dissented.