[Civ. No. 5853.  First Appellate District, Division One.—June 28, 1927.]

THE PEOPLE, Petitioners, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

Warren H. Pillsbury and G. C. Faulkner for Petitioners.

A. F. Bray and J. E. Rodgers for Respondents.

KNIGHT, J.—This proceeding in *certiorari* was commenced in behalf of the People of the State of California for the purpose of having annulled an order made by the respondent Superior Court in determining the merits of an appeal taken to said Court by the respondent corporation, Cowell Portland Cement Company, from a judgment of conviction obtained by the People in the Justice's Court of the first township of Contra Costa County.

There is no controversy as to the facts and, briefly stated, they are as follows: In January, 1926, the Industrial Accident Commission caused a criminal action to be instituted in said Justice's Court against the respondent corporation upon a charge of misdemeanor, to wit: Violation of section 29 of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 857), relating to self-insurance; and thereafter said corporation was tried before a jury upon said charges and convicted. A judgment of fine was imposed; whereupon an appeal was taken to the Superior Court, which was thereafter heard upon a statement of the case theretofore settled by the justice of the peace before whom the action was tried. On November 5, 1926, said Superior Court rendered a written decision determining said appeal, wherein the sufficiency of the complaint upon which the conviction was obtained was not questioned, but which held that the evidence set forth in the statement on appeal was legally insufficient to establish the essential fact that the failure of said corporation to comply with the terms of said act was wilful and intentional (Pen. Code, sec. 20); and it was therefore ordered "that the defendant corporation be, and it is hereby acquitted of the offense charged in the complaint."

Being dissatisfied with said decision, the People presented a motion to vacate the same upon several grounds, one of

them being "(4) That said decision was improvidently entered and was a nullity in that the court was without jurisdiction to enter an order of acquittal or to take any other action on appeal than to affirm or to reverse and grant a new trial." On January 6, 1927, said motion was denied, but in the order denying the same the court directed "that the order made in the above entitled case on the 5th day of November, 1926, be, and the same is hereby corrected and made to read as follows: 'The judgment entered in the Justice Court of the First Judicial Township of the County of Contra Costa, State of California, in the above entitled case on July 23, 1926, is reversed. The defendant is ordered discharged and his bond exonerated.' "

Petitioner contends that the jurisdiction of a Superior Court in the matter of the determination of an appeal from the Justice's Court in a criminal action is restricted to a dismissal of the appeal, or an affirmance or a reversal of the judgment of conviction; and that if the judgment be reversed a new trial must be granted as a matter of course, to be held in the Superior Court; that, therefore, since in the instant proceeding the order of reversal made by the respondent Court on January 6, 1927, has the effect of terminating the action without further trial and of discharging the respondent corporation from further prosecution upon said charge, said order is to that extent void and should be annulled.

The code sections relating to appeals from judgments of conviction rendered in the Superior Court are set forth in title IX, part II, of the Penal Code, and the matter of appeals from judgments of conviction in the Justice's Court is dealt with in title XI, part II, of said code; but section 1467, which is made part of the latter title, provides: "The appeal may be taken, heard, and determined as provided in title nine, part two of this code . . . ," and consequently the code sections contained in title IX relating to appeals from convictions in the Superior Court relate also to Justice's Court appeals, and must be applied in the determination thereof (*Garrett* v. *Superior Court,* 79 Cal. App. 273 [249 Pac. 871]; *Lillywhite* v. *Superior Court,* 80 Cal. App. 533 [251 Pac. 945]; *Brown* v. *Superior Court,* 72 Cal. 14 [13 Pac. 70]), unless an inconsistency arises between the code sections of the two titles, in which event those sections con-

tained in title XI, which are expressly made applicable to Justice's Court appeals, are controlling therein (*People* v. *Superior Court,* 64 Cal. App. 770 [222 Pac. 864]).

Title XI, relating to Justice's Court appeals, does not specify the forms of judgments which the Superior Court shall render in the determination thereof, but in title IX there are two sections which provide as follows: "The court may reverse, affirm, or modify the judgment or order appealed from and may set aside, affirm, or modify any or all of the proceedings subsequent thereto or dependent upon, such judgment or order, and may, if proper, order a new trial" (sec. 1260, Pen. Code). "If a judgment against the defendant is reversed without ordering a new trial, the appellate court must, if he is in custody, direct him to be discharged therefrom; or if on bail, that his bail be exonerated; or if money was deposited instead of bail, that it be refunded to the defendant." (Sec. 1262, Pen. Code.) The sections just quoted do not in any manner conflict with any of those contained in title XI relating to Justice's Court appeals, but, on the contrary, are in entire harmony with section 1469 thereof, which provides: "Upon an appeal the superior court may review all matters set forth in the statement and affecting the judgment appealed from and may set aside or confirm or modify any or all proceedings subsequent to and attendant upon such judgment, *and may, if necessary or proper, order a new trial. If a new trial be granted,* it must be in the municipal court, if the appeal be from a judgment of the municipal court; otherwise it must be in the superior court" (italics ours).

The foregoing section, when read in connection with section 1262 above quoted, makes it clear, we think, that upon a reversal of. a judgment of conviction on appeal from the Justice's Court, it is a matter for the Superior Court in the exercise of its appellate jurisdiction to decide whether or not a new trial shall be ordered, the language of said section 1469 being that said court "may, if necessary and proper, order a new trial." In *Ex parte Ballard,* 149 Cal. 144 [84 Pac. 833], it was expressly held that section 1262 of said code conferred exclusive power upon the court of appellate jurisdiction to order a new trial or to discharge the defendant on reversal of a judgment, the court saying: "There are cases where there are such inherent defects in the prosecu-

tion, and such legal impossibility of legal conviction of the defendant, that he ought not to be put upon another trial, and the purpose of section 1262 is to give the appellate court the power, and to impose upon it the duty of directing discharges in such cases''; and it was furthermore held that when an appeal is taken from the judgment and also from an order denying a motion for a new trial, and the appellate court reverses the judgment without directing a new trial and without making any order as to the release of the defendant, ''such action is evidently the result of inadvertence and of a temporary forgetfulness of section 1262 . . . ,'' and does not *ipso facto* entitle the defendant to his release by the trial court, or by any other court into which he may bring the case by *habeas corpus* or other proceeding; but that the appellate court still has power to, and upon proper application will, either make the order directing the discharge of the appellant or rule upon the order denying the motion for a new trial.

We conclude, therefore, since under section 1469 of said code the Superior Court, in the exercise of its appellate jurisdiction over Justice's Court appeals in criminal actions, may or may not order a new trial, upon a reversal of the judgment, and if a new trial be not ordered, must, under section 1262, order the discharge of the defendant and exonerate his bail, that the respondent Court, in making the order herein complained of, acted within the lawful exercise of its appellate jurisdiction and that consequently its order is not void.

Petitioner further contends that the legal construction placed upon the undisputed facts appearing in the statement on appeal with reference to the question of criminal intent, upon which the judgment of reversal is based, is erroneous, and that such error is reviewable in the instant proceeding. In ruling upon an analogous situation the Supreme Court said in *Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053] : ''It is thoroughly settled, that the judgment of a police court or justice's court will not be reviewed on *certiorari,* after appeal taken therefrom and determination of such appeal in the superior court. . . . It [the Superior Court] must determine the appeal, reversing or affirming the judgment of the police court as it deems one or the other course proper in view of the matters shown

by the statement of the case. Whichever it does it is acting in the exercise of its lawful jurisdiction, and not in excess of such jurisdiction. It has the same power to affirm in any case that it has to reverse, and the mere fact that its conclusion is wrong does not make its action in excess of its jurisdiction. In such case we have simply error in the exercise of jurisdiction. All that petitioner's contention amounts to in this regard is that the superior court should have reversed the judgment of the police court, and that it erred in affirming it. The substantial contention is that the statement of the case showed that the evidence on the trial in the police court was not sufficient to establish the guilt of the petitioner of the offense charged. If that be true, the superior court erred in affirming the judgment, but mere errors in the exercise of jurisdiction are not reviewable on *certiorari*. It seems superfluous to cite authorities in support of these well settled propositions, but if authority be desired, it is to be found in the opinion of this court in the *Matter of Hughes,* 159 Cal. 360 [113 Pac. 684]."

In view of the rule above stated, it is certain that even though the legal construction placed by the respondent Court upon the evidence relating to the question of criminal intent be erroneous, it is beyond the power of this court to review such error in this proceeding.

The writ is denied.

Tyler, P. J., and Cashin, J., concurred.