[Civ. No. 9933. First Appellate District, Division One.—November 4, 1935.]

PACIFIC DRY GOODS CO. (a Copartnership), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Jesse A. Mueller for Petitioner.

George C. W. Egan for Respondents.

KNIGHT, J.—More than five years after petitioner had filed an appeal in the superior court from a judgment rendered against it by a justice of the peace while exercising the jurisdiction of the small claims court, the superior court, on motion of the plaintiff in the action, dismissed the appeal pursuant to the mandatory provisions of section 981a of the Code of Civil Procedure, which require the superior court, on its own initiative or on motion of any interested party, to dismiss any appeal theretofore or thereafter taken from the justice court when the appealing party has failed to bring said appeal to trial in the superior court within one year after the same is filed therein. And petitioner now seeks by this proceeding in *certiorari* to have the order of dismissal annulled.

Said section 981a was enacted in 1923; and prior thereto it had been held in three early cases, the last of which was *Kraker* v. *Superior Court,* 15 Cal. App. 651 [115 Pac. 663], that in justice court appeals taken by a defendant on questions of law and fact it was incumbent on the plaintiff in the action, and not the defendant as the appealing

party, to bring the appeal to trial in the superior court. And as ground urged for the annulment of the order of dismissal herein petitioner contends that said section 981a when enacted applied exclusively to appeals from justices' courts and did not become operative as to appeals from small claims courts until 1933, at which time section 927j was revised, reenacted and renumbered as section 117j of said code; that the revised section contained no retrospective clause, and that therefore, inasmuch as the appeal herein was taken prior to such revision, the judicial doctrine restated in the Kraker case, *supra,* and not the legislative rule established by said section 981a, should have been held controlling herein in determining the motion for dismissal. We find no merit in the foregoing contention.

The manifest purpose of the enactment of section 981a was to abrogate the judicial doctrine declared by the earlier cases above referred to, and to establish a new uniform rule contrary thereto which should thereafter govern the superior court in the exercise of its power in dealing with the dismissal of all appeals from inferior courts and which also would be in conformity with the settled doctrine governing the dismissal of appeals taken from superior court judgments, namely, that the burden is on the appealing party to prosecute his appeal with diligence; otherwise it will be dismissed. The small claims court came into existence in 1921, two years prior to the enactment of section 981a, but, as will hereinafter appear, an independent tribunal was not created. The law provided merely for a subsidiary of the justice court. By virtue of section 927 of the same code, also enacted in 1921, "All justices of the peace" were charged with the duty of exercising the jurisdiction conferred upon the small claims courts; and as said in *Hughes* v. *Municipal Court,* 200 Cal. 215 [252 Pac. 575], "The legislature by providing the small claims court procedure did not set up a separate, independent judicial tribunal to be presided over by a judge elected or appointed exclusively to perform the duties prescribed by the small claims court statute, but made it the duty of the several justices of the peace of the state to enforce its provisions. In other words, additional duties were imposed by statute upon the justices of the peace. . . . Thus it will be seen that a separate, formally constituted court was not created, but a certain procedure was merely adopted as to small demands,

and the justices of the peace were required to conform to it in actions where the demand was fifty dollars or less. The justices' courts always had jurisdiction of the subject-matter of the actions affected by the small claims court procedure. The practical effect of the statute was to lay additional burdens upon the justices of the peace as to matters of procedure. We think it apparent that it was not the intention of the legislature to establish a separate court of justice in the sense that courts are ordinarily constituted.'' It is evident, therefore, that by the enactment of section 981a it was intended to prescribe a single rule to be followed by the superior court in dealing with motions for the dismissal of all appeals from judgments rendered by justices of the peace sitting either as such or while exercising the jurisdiction of the small claims courts, and that thereafter there should not exist two contradictory rules, one to be followed in determining motions for the dismissal of appeals from judgments rendered by justices of the peace acting as such, and another to be applied when the judgments appealed from were rendered by such justices through the medium of the small claims court.

■ The clause incorporated in the revised section 117j, upon which the whole force of petitioner's argument seems to depend, reads as follows: ''Except as otherwise provided in this chapter, such appeal [from the small claims court] shall be *taken* as provided in Chapter III of Title XIII of Part II of this code for appeals from justices' courts.'' (Italics ours.) As will be seen, it pertains merely to the manner of *taking* appeals from small claims courts, and does not purport to trench upon or interfere in any manner with the power of the superior court in the exercise of its appellate jurisdiction, nor to extend or otherwise affect the operation of section 981a. In other words, prior to the enactment of said revised section, certain code sections provided for the taking of appeals from small claims courts in a summary manner which was quite different from the procedure prescribed for taking appeals from justices' courts; and in 1933 there was a revision of those code sections so as to establish a uniform practice for the taking of appeals from judgments rendered by justices of the peace acting strictly as such or while presiding over the small claims courts.

■ Moreover, as held in *Hochheimer & Co.* v. *Superior Court,* 65 Cal. App. 206 [223 Pac. 564], long prior to the

enactment of section 981a the superior court was vested with ample power, both inherent and statutory (sec. 980, Code Civ. Proc.), to dismiss appeals from inferior courts for failure to prosecute the same, or for unnecessary delay in bringing them to a hearing. It would seem, therefore, that even aside from the mandatory duty imposed by the provisions of section 981a, the superior court in the present case was authorized to dismiss the appeal upon the ground stated in its order.

■ Further contention is made that the verified demand filed by the plaintiff in the small claims court was legally insufficient to vest jurisdiction in said court to hear or determine the cause. But the question presented thereby is one of law of which the superior court had jurisdiction to hear and determine upon the hearing of the appeal. Consequently, petitioner is precluded from having it determined in the present proceeding. (*Hochheimer & Co.* v. *Superior Court, supra.*) We are concerned here only with the question of the jurisdiction of the superior court to make the order dismissing the appeal.

■ Nor did the superior court exceed its jurisdiction, as petitioner contends, in adding to the amount of the judgment attorney's fees in the sum of $15 as provided in said section 117j for the reason that the order of dismissal was in effect a "final judgment" in the action, within the meaning of said section.

The writ is discharged.

Tyler, P. J., and Cashin, J., concurred.