[No. 18354.    Department Two.—September 29, 1894.]

# GEORGE BANKS, Respondent, *v.* YOLO COUNTY, Appellant.

Statutory Construction—Repeals by Implication—Special and General Laws.—Repeals by implication are not favored; and the repugnancy between two statutes should be very clear to warrant a court holding that the later in time repeals the other, when it does not in terms purport to do so: and this rule has peculiar force in the case of laws of special and local application, which are never deemed repealed by general legislation except upon the most unequivocal manifestation of intent to that effect.

Id.—Construction of Statutes in Harmony.—Acts passed near to each other in point of time must be construed, if possible, so as to give effect to both.

Id.—Compensation of Board of Education—Special Statute—Re-enactment of Laws.—A special statute referring to the special subject of compensation of members of the board of education, including the secretary, is not repealed by a special act amending the County Government Act, which does not refer to that special subject, especially where the parts of the general act invoked as repealing part of the special act are only re-enactments of the law as it therefore stood.

Id.—Statute of Limitations—Liability Created by Statute.—An action to recover compensation for the services rendered as secretary of the board of education is founded on a liability created by statute, and comes within the three years' limitation of section 338 of the .Code of Civil Procedure.

Appeal from a judgment of the Superior Court of Yolo County.

The plaintiff is superintendent of schools of Yolo county, and the action was brought to recover compensation for the sum of four hundred and ninety dollars for services rendered by plaintiff as secretary of the county board of education.

*R. L. Simpson*, for Appellant.

*District Attorney C. M. Head*, for Respondent.

The COURT.—We do not think that section 1770 of the Political Code as amended by an act approved March 15, 1889, which allows five dollars per day to each member of the board of education, including the secretary, for certain services, was repealed by sections 180 and 211 of an act approved the following day (March 16th), amending certain sections of the County Government Act. (Stats. 1889, pp. 191, 192, 270, 300.) There is no clause in the latter act expressly repealing any part of the former act; indeed, it has no repealing clause at all. If, therefore, it repeals the former act it must do so by implication. But "repeals by implication are not favored; and the repugnancy between two statutes should be very clear to warrant a court holding that the later in time repeals the other, when it does not, in terms, purport to do so. This rule has peculiar force in the case of laws of special and local application, which are never deemed repealed by general legislation except upon the most unequivocal manifestation of intent to that effect." (Cooley's Constitutional Limitations, 6th ed., 182.) In the case at bar the two acts, passed so near each other in point of time, must be so construed if possible as to give effect to both; and we see no irreconcilable conflict. The act of March 15th refers to a special subject—compensation of members of the board of education; while said subject is not referred to in the act of March 16th, which is in its nature general. Moreover, the parts of the said act of March 16th which are invoked as repealing the part of the said act of March 15th here in question are only re-enactments of the law as it theretofore stood; and some consideration is to be given to the rule declared in section 325 of the Political Code, that: "Where a section or part of a statute is amended it is not to be considered as having been repealed and re-enacted in the amended form, but the provisions which are not altered are to be consid-

ered as having been the law from the time when they were enacted, and the new provisions are to be considered as having been enacted at the time of the amendment." (See *Dillon* v. *Saloude*, 68 Cal. 270, 271.)

Respondent's cause of action is not barred by the clauses of the statute of limitations invoked by appellant. It is founded on "a liability created by statute," and comes within the three years limitation. (Code Civ. Proc., sec. 338; *Higby* v. *Calaveras County*, 18 Cal. 178.) There are no other points necessary to be noticed.

The judgment is affirmed.