ADAM F. CONWAY *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

In the absence of any request, the omission of the trial court to instruct the jury, in an action for negligence, that the standard of duty required of the plaintiff was that of a person of ordinary prudence under similar circumstances, does not necessarily constitute reversible error; especially if the manner in which the accident happened was unquestioned, and the jury were distinctly told that

the plaintiff must prove that the alleged negligence, or want of reasonable care upon the part of the defendant, was the sole cause of the injury, and that any negligent act of the plaintiff, or of one working with him, which contributed thereto, would prevent a recovery.

Irrespective of its statutory obligation to maintain its streets in a reasonably safe condition for travel, a municipality may be liable for the acts of its employees in unnecessarily and carelessly placing a dangerous obstruction in the highway.

The so-called fellow-servant rule cannot be invoked as a defense in an action for negligence, if the plaintiff was not an employee of the defendant.

Argued April 13th—decided June 15th, 1911.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for plaintiff for $466, and appeal by the defendant. *No error.*

*Edward B. Reiley, Jr.,* for the appellant (defendant).

*James M. Lynch,* for the appellee (plaintiff).

HALL, C. J. Upon the trial of this case to the jury, the plaintiff claimed to have proved that on the 12th of October, 1909, at a certain place on the west side of North Main Street in Waterbury, long planks had been placed by employees of the city, extending from the curb on the west to a point so close to the street-railway tracks on said street that the end of one of the planks projected over the running-boards of the open trolley-cars as they passed said point; that the plaintiff was on said day a conductor on a trolley-car, and while his car was running south on said street and he was standing on the running-board engaged in collecting fares, he was struck by said projecting plank and seriously injured.

The defendant claimed to have proved, in substance, that at the time of the accident the city was engaged in repairing the pavement on North Main Street, and had removed the brick pavement on the westerly side of the car track, and laid a cement foundation, and had placed planks resting upon horses at proper and safe distances from the trolley-tracks, with lanterns at the ends of the planks, for the purpose of protecting the cement foundation until it should become sufficiently set to permit the laying of the brick pavement; that it had properly inspected the planks to see that they were kept in safe positions; that the plaintiff, before the accident, knew that these planks were upon the street at the place in question, and that before he was injured the car upon which he was a conductor had three times on that day passed these planks, twice in going north and once in going south, and that on the previous south trip the motorman, in accordance with the rules of the railway company, had by the signal bell called the plaintiff's attention to said obstructions.

The following are parts of the charge of the trial judge to the jury:—

"If the defendant was negligent and the plaintiff was also negligent, he cannot recover. . . . If the plaintiff was himself negligent, he thereby releases the defendant from any claim for negligence. And in this case it is incumbent on the plaintiff to prove his case throughout by a fair preponderance in weight of evidence. He must prove to you, if he recovers, that the defendant was negligent; that he was not negligent; and that the defendant's negligence was the sole cause of his injury. And he must prove all these facts throughout, including the element of negligence with reference to the motorman as well. He sustains the burden throughout."

"If the defendant was negligent, and the plaintiff's fellow servant Benson [the motorman] was also negli-

gent, and the negligence of Benson was the immediate and proximate cause of the injury, . . . the plaintiff cannot recover."

"Unless you find . . . that there was negligence on the part of the city, without negligence on the part of the motorman being the proximate and immediate cause of the injury, and without negligence on the part of the plaintiff, your verdict will be for the defendant."

" . . . The city owes the plaintiff the duty of maintaining North Main Street in a reasonably safe condition; and if it failed to so maintain the street it was guilty of negligence; and if as a result of such negligence the plaintiff suffered injury, he can recover damages for the injury he has sustained, unless he has by some negligent act of his own contributed to such injury, or the negligent act of his fellow servant was the proximate and immediate cause of the injury. . . . If the plaintiff was negligent he has no cause of action. If the negligence of his fellow-servant was the proximate cause of his injury, he has no cause of action."

The reasons of appeal, as summarized in the defendant's brief, are that the court erred in failing to instruct the jury as to the meaning of contributory negligence, as applied to the respective claims of the plaintiff and defendant, and in failing to instruct the jury that it was the duty of the plaintiff to make use of all the means of knowledge of the existence of the obstructions which were reasonably open to him.

The instructions given to the jury regarding the claimed negligence of the motorman, in not warning the conductor by the signal bell, were sufficiently favorable to the defendant.

The court apparently assumed that the cause of action described in the complaint, and claimed to have been proved, arose under the statute rendering municipalities liable for injuries caused by defects in highways.

There is ground for the claim that, independently of that statute, the defendant was liable for the acts of its employees in unnecessarily and carelessly placing a dangerous obstruction in the highway. The negligence in such a case would have consisted not in leaving the roadbed defective in disregard of a statutory duty, but in performing the lawful act of repairing the roadbed in such a manner as to unnecessarily injure another. *Mootry* v. *Danbury*, 45 Conn. 550; *Judd* v. *Hartford*, 72 Conn. 350, 44 Atl. 510. If such was the real cause of action, it may well be questioned whether the claimed concurring negligence of the motorman could have been material. Clearly, the fellow-servant rule, that an employee assumes the risk of injury from the negligence of his co-employees, could not have been invoked by the defendant, who was not the employer of the plaintiff.

The trial court defined contributory negligence on the part of the plaintiff to the extent of saying, in effect, that it consisted in a negligent act of his own which contributed to the injury. It is true that the court did not define negligence expressly as applicable to the plaintiff. The judge, however, used the same words "negligent" and "negligence" in referring to the claimed carelessness of the plaintiff, and of the defendant, and of the motorman. In speaking of the claimed negligence of the defendant, he said that it was a *want of reasonable care*, and that reasonable care was care in proportion to the danger to be apprehended. In referring to the claimed negligence of the motorman, he said that the jury would consider whether or not *he acted as a reasonable man* in proceeding when he approached the obstructions without repeating to the conductor the warning signal which he had given him on the former trip.

In cases of this character it is always proper, and generally necessary, for the court in submitting to the

jury the disputed question of the plaintiff's contributory negligence, to state the standard of duty to be that of a person of ordinary prudence under similar circumstances. Considering the unquestioned manner in which this accident happened, and the only circumstances upon which the claim of contributory negligence upon the part of the conductor could have been based, and the absence of any request to charge, we think the defendant is not entitled to a new trial on account of the failure of the trial judge to instruct the jury any further than he did regarding the meaning of the word "negligence" as applicable to the plaintiff.

There is no error.

In this opinion the other judges concurred.