FILBERTO CAPOZZI *vs.* CITY OF WATERBURY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 6th—decided May 17th, 1932.

*Charles O'Connor* and *Vincent A. Scully,* for the appellant (defendant).

*Michael V. Blansfield* and *James M. Lynch,* for the appellee (plaintiff).

BANKS, J. The plaintiff's son, a boy eight years of age, tripped over a wooden stake driven in the ground at or near the inner edge of the sidewalk on Draher Avenue in the defendant city and fell upon another stake similar to the one upon which he tripped, receiving injuries which ultimately, as claimed by the plaintiff, resulted in his death. The plaintiff in this action sought to recover his expenditures for medical aid and hospital bills and for loss of services of his son during his minority, as consequential damages. It was

conceded by counsel for the plaintiff, and the court so charged the jury, that there could be no recovery in this action upon the statutory right of action for damages resulting from a defect in the highway, and that the plaintiff could recover, if at all, only upon the ground that the stakes upon which his son fell constituted a nuisance in the highway. The jury, in answer to an interrogatory propounded by the court, found that the existing condition constituted both a nuisance and a defective highway, and awarded the plaintiff damages in the sum of $5000. The defendant assigns error in the court's denial of its motion to set the verdict aside, and in the charge to the jury. It contends that the complaint was based solely upon an alleged defect in the highway, that there was neither allegation nor proof of the existence of a nuisance, and that the court's definition of nuisance in its charge was indefinite and misleading.

The complaint alleges that employees of the defendant drove these stakes into the ground, and that they constituted an obstruction or defect in the highway and a nuisance. It set up in a single count two distinct causes of action, one under the statute for a defective highway, and one at common law for the creation of a nuisance. No question is raised as to the propriety of joining the two causes of action in a single count. The allegations of the complaint were sufficient to admit proof that the natural tendency of the acts complained of was to create danger and inflict injury, and thus constitute a nuisance as a matter of fact, and the specific allegation is made that they did create a nuisance.

As to the proof, there was evidence that sometime prior to the date of the accident the defendant, in preparation for the laying of a curbing in front of its school property on Draher Avenue, had caused two

wooden stakes to be driven into the ground at or near the inner edge of the sidewalk, which projected from six to eight inches above the level of the sidewalk. The stakes were of old two by four lumber of substantially the same color as the ground. About a week before the accident the defendant had decided to abandon laying the curb at that point, but the stakes were allowed to remain. It was not necessary to use stakes of this character for the purpose of laying the curbing, and it was not good workmanship to leave such stakes projecting above the ground. The jury could reasonably have found that, in placing stakes of that character in that location and allowing them to remain, the defendant unnecessarily exposed the plaintiff's son to injury, and that the stakes, under all the circumstances of the case, constituted a nuisance, as a matter of fact. That a municipality is liable for damages resulting from acts which it has directed to be performed, and which from their character or the manner in which they are executed will naturally create a nuisance, is settled by numerous decisions of this court. *Colwell* v. *Waterbury*, 74 Conn. 568, 573, 51 Atl. 530; *Conway* v. *Waterbury*, 84 Conn. 345, 80 Atl. 83; *Flynn* v. *West Hartford*, 98 Conn. 83, 118 Atl. 517; *Hoffman* v. *Bristol*, 113 Conn. 386, 155 Atl. 499.

The defendant's claim that the verdict should be set aside because the damages awarded indicate that it was the result of prejudice and sympathy on the part of the jury is without merit. The plaintiff's actual expenditure for medical care and hospital bills was $2850. In addition to this, the plaintiff was entitled to recover for the loss of his son's services during his minority. Such loss depends upon so many contingencies as to be incapable of definite ascertainment, and must ordinarily be left, upon the facts

proven, to the sound judgment of the jury. *Jackie-wicz* v. *United Illuminating Co.*, 106 Conn. 310, 312, 138 Atl. 151. We cannot say that the amount of the verdict was so unreasonable that it was the duty of the trial court to set it aside.

The court told the jury that the term "nuisance" was not easy of definition, and to make its meaning clearer read from the opinion of this court in *Burnham* v. *Hotchkiss*, 14 Conn. 311, 317, containing a number of illustrative cases, and then charged as follows: "So, as that judge said in 1841, ninety years ago, I say to you now, that the question in this case of whether these stakes, under the circumstances as I have described them to you and as you have heard in the evidence, were a nuisance, is a question of fact for you to decide, and also, as that judge said, you should consider all of the surrounding circumstances in determining that question. If the natural tendency of the act complained of is to create danger and inflict injury upon person or property, it may properly be found a nuisance as a matter of fact. And in the case before us, you are to determine, as a matter of fact, whether or not the defendant performed the work in connection with these stakes in such a manner as would unnecessarily expose the plaintiff to injury." This followed almost verbatim the language we have adopted in attempting to characterize acts which may properly be found to constitute a nuisance as a matter of fact. *Hoffman* v. *Bristol, supra; Gonchar* v. *Kelson,* 114 Conn. 262, 271, 158 Atl. 545. The recital in the quotation from our earlier case of a number of the various kinds of things which might be held to be nuisances in fact, followed by the statement that the act complained of might be found a nuisance if its natural tendency was to create danger and inflict injury upon person or property, was well adapted to give the jury

as clear and definite an understanding of what may be held to be a nuisance in fact as its nature permits. The court then made a direct application of its definition to the facts of the case, telling the jury that the question for them to determine was whether or not the defendant performed the work in connection with these stakes in such a manner as would unnecessarily expose the plaintiff to injury. The charge was correct in law and sufficient for the guidance of the jury in the application of the law to the facts of the case.

There is no error.

In this opinion the other judges concurred.