## ALICE BACON
vs.
## TOWN OF ROCKY HILL

Superior Court      Hartford County      File #55278

Present:  Hon. FRANK P. McEVOY, Judge.

Warren Maxwell,         Attorney for the Plaintiff.

A. C. & A. S. Bill,        Attorneys for the Defendant.

### MEMORANDUM FILED APRIL 29, 1937.

McEVOY, J.  This is an action against a town for the recovery of damages for injuries alleged to have been sustained upon a public highway in the town.

In the second paragraph of the complaint it is alleged substantially, that "due to the improper and inadequate paving" the road is and for a long time has been "imminently dangerous and unsafe".

The last four words are repeated as a characterization in the third paragraph of the complaint.

In paragraph four of the complaint it is alleged that defendant "increased the hazard inherent in said highway by dumping and rough grading a portion of it near the foot of the declivity with heavy trap rock".

The defendant has filed a demurrer to the complaint alleg-

ing, as a reason for demurrer, that it is not alleged in the complaint that a written notice was given to the defendant, within the time prescribed by the provisions of **Section 1420, General Statutes 1930.**

It is true that the giving of the written notice is not so alleged.

It is the law that if recovery were sought under the provisions of **Section 1420** that the failure to allege the giving of the written notice within the time specified would constitute a sound reason of demurrer.

The allegations of the complaint are not based upon the provisions of **Section 1420.**

They set out a common-law claim for the alleged creation of an inherently dangerous condition—a nuisance.

The case bears some resemblance to another recent case in which it was alleged that employees of the defendant drove stakes into the ground and that these stakes constituted an obstruction in the highway and a nuisance.

In that case both the violation of the statutory duty and the alleged nuisance were set up in one count.

"The allegations of the complaint were sufficient to admit proof that the natural tendency of the acts complained of was to create danger and inflict injury, and thus constitute a nuisance as a matter of fact and the specific allegation is made that they did create a nuisance."

**Capozzi vs. Waterbury, 115 Conn., 107 at Page 109.**

For the reasons stated the demurrer to the complaint is overruled.