### GUMBART v. WATERBURY CLUB HOLDING CORPORATION et al.
#### No. 4147.

District Court, D. Connecticut.
Dec. 30, 1938.

On Motion March 8, 1939.

Watrous, Hewitt, Gumbart & Corbin, of New Haven, Conn., for plaintiff.

Bronson, Lewis & Bronson, of Waterbury, Conn., for defendant.

HINCKS, District Judge.

For purposes of this memorandum, I assume throughout that the relationship be-tween plaintiff and defendants was that obtaining between guest and innkeepers.

■ The first count, in so far as it is based upon the defendants' failure to supply the plaintiff with a key to the premises, fails to state a cause of action. Neither common law nor statute require an innkeeper, unrequested, to supply every guest with a key to the inn or to keep the entrance either unlocked or under attendance during the night. The plaintiff cites no authority for such a proposition and on brief does not rely upon this item as an independent ground of negligence.

■■ The first count also fails to state a cause of action in so far as it is based upon the maintenance of an outside window in the defendants' building. To be sure, it is stated that this window was unprotected and "open and easily accessible to anyone from the outside"; that inside the window there was a drop of some 25 feet to the floor of the gymnasium; and that the gymnasium was unlighted at the time in question. The complaint, however, fails to show that the defendants invited the plaintiff to enter by the window, either by express invitation or by an invitation which might be implied from a walk leading to the window or from any other features of the lay-out of the premises. A guest's implied invitation of entry may not be expanded to include such a means of entrance. A. L. I. Restatement Torts, Vol. II, Sec. 343, Comment (b); Knapp v. Connecticut Theatrical Corp., 122 Conn. 413, 414, 190 A. 291; Scanlon v. United Cigar Stores Co., 228 Mass. 481, 117 N.E. 840; Cowen v. Kirby, 180 Mass. 504, 62 N.E. 968; Morong v. Spofford, 218 Mass. 50, 105 N.E. 454, L.R.A. 1915B, 387; Graham v. Pocasset Mfg. Co., 220 Mass. 195, 107 N.E. 920. And the same rule is applicable to gratuitous licensees. Restatement Torts, Sec. 342, Comment (b). Since from the facts stated it appears affirmatively that the plaintiff in attempting to enter by a window was neither invitee nor licensee, the remaining facts alleged are insufficient to show the violation of any duty on the part of the defendants.

■■ I do not overlook the allegation of the first count that the unprotected window constituted a "trap". Technically a trap imports an affirmative intent or design, either malicious or mischievous, to cause injury. Moffatt v. Kenney, 174 Mass. 311, 54 N.E. 850. But it is evident from Paragraph 15 that the plaintiff has not used the

word in this sense. Rather he has used it merely as a non-technical characterization of grounds of negligence elsewhere stated. Thus used, it adds no vitality to the pleading. For even if the complaint be deemed to show a hidden danger on the defendants' premises, it is still insufficient in that it fails to show that the defendants knew or should have known that persons without invitation or license were constantly using the window for entrance, Restatement Torts, Sec. 335, or that such persons were about to attempt such an entry, Restatement Torts, Sec. 337, Comment (a). If the plaintiff has meant to allege and in good conscience could allege that the defendants harbored a malicious and injurious design, he should have alleged the fact directly rather than by implication from the legal connotations of the word "trap".

The second count is stated to rest upon the same underlying facts but proceeds upon the theory that the defendants' structure was a nuisance. But a nuisance is something that injures or annoys another in the enjoyment of his legal rights. Cooley on Torts, 4th Ed., Sec. 398; Hoadley v. M. Seward & Son Co., 71 Conn. 640, 42 A. 997. As observed above, upon the facts stated the plaintiff had no legal right to enter the premises by the defendants' window, and the defendants were under no liability for injuries thus sustained the factors referred to in Sections 335 and 337 of the Restatement being absent. The second count is therefore fatally insufficient.

The cases cited by the plaintiff are not in conflict with this holding. In all of them, the injured plaintiff was in the exercise of his legal rights in the enjoyment of a public park, Hoffman v. Bristol, 113 Conn. 386, 389, 155 A. 499, 75 A.L.R. 1191; on a public sidewalk, Capozzi v. Waterbury, 115 Conn. 107, 160 A. 435; on a public highway, Gonchar v. Kelson, 114 Conn. 262, 158 A. 545; and on a private passway where licensees were constantly passing, Stoto v. Waterbury, 119 Conn. 14, 18, 174 A. 189. Plaintiff also refers to Justice Sutherland's illustration of "a pig in the parlor". See Village of Euclid v. Ambler Co., 272 U.S. 365 at page 388, 47 S.Ct. 114, at page 118, 71 L.Ed. 303, 54 A.L.R. 1016. But Justice Sutherland never held persons entering the parlor without invitation or license might complain of the presence of the pig.

The third count also sounds in tort, and must also be held to be insufficient in law. For I can find nothing in the common law nor any statute which imposes a mandatory duty upon innkeepers to awaken guests from their slumbers at a requested hour. Indeed, the proposition is tacitly abandoned in plaintiff's brief.

Furthermore, this count fails to state facts from which it could be found that the defendants' alleged negligence was the proximate cause of the only injury complained of. For if the defendants had called the plaintiff at 7.30 and had thus learned that he was not in his room, they would have been under no duty to search for him in the gymnasium. In other words, the defendants' negligence (assuming it to have been negligence) in failing to call the plaintiff was not a substantial factor in bringing about the aggravation of the plaintiff's injuries, and hence not a legal cause thereof. Restatement of Torts, Secs. 431, 432, 434.

It is accordingly ordered that the defendants' motion be granted and that the complaint be dismissed.

On Motion for More Definite Statement.

1. Paragraph 1 of said motion is granted by consent.

2. The remainder of said motion is denied. Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, sanctions motions for more definite statements "of any matter which is not averred with sufficient definiteness or particularity to enable him [i. e., the defendant] properly to prepare his responsive pleading or to prepare for trial."

Clearly Paragraphs 2 and 3 of the motion are sought not because the defendants need information to prepare their answers or to prepare for trial. For obviously the defendants already have all the available information as to their own premises. Undoubtedly, indeed concededly, the defendants seek to have this material added to the pleadings only to pave the way for a motion attacking the legal sufficiency of the expanded complaint.

Paragraph 4 of the motion is denied as unnecessary. For Paragraph 11 of the complaint must be read in its given context and when so read, with particular reference to Paragraph 10, it appears with sufficient particularity that the plaintiff's unfortunate fall occurred as he "sought access to said premises through said window", as alleged in Paragraph 10.

Ordered accordingly.