## CRAMER v. ALUMINUM COOKING UTENSIL CO.

### No. 1313.

District Court, W. D. Pennsylvania.

May 24, 1941.

Benj. B. Crone and Harry Lazier, both of Pittsburgh, Pa., for plaintiff.

Wm. Booth and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

In this action the plaintiff is seeking to recover from the defendant, damages for the death of Sarah Fedner on April 15, 1939, at Atlantic City, New Jersey, from injuries alleged to have been received as the result of the use by her of a defective cooking utensil manufactured by the defendant, and purchased by the deceased in her lifetime from an agent of the defendant in Atlantic City, New Jersey.

The defendant, in its third defense, pleads that the cause of action herein is barred by the Act of Assembly of Pennsylvania, of April 26, 1855, P.L. 309, Section 2, 12 P.S. § 1603; and that if any other right of action is asserted by the plaintiff in the complaint, such right of action did not accrue within two years next prior to the commencement of the action; and that the Pennsylvania Act of June 24, 1895, P.L. 236, Section 2, 12 P.S. § 34, is a bar to the granting of any such relief of such a cause of action.

The defendant urges that in view of the fact that the defendant must plead the bar of the statute of limitations as an affirmative defense under Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c the plaintiff ought to reply to that part of the answer. It is our view, however, that no such reply is necessary if the defendant intends to dismiss because the statute of limitations has run. Under Rule 9(f) it is provided: "For the purpose of testing the sufficiency of a pleading,

averments of time and place are material and shall be considered like all other averments of material matter."

Here we have a situation where the statement of claim shows when the cause of action arose; and we hold it is not necessary that there should be a reply in order to make a motion to dismiss because the statute of limitations has run.

We agree with Moore's view in Moore's Federal Practice, Vol. 1, p. 597, where he says: "Since time is material under subdivision (f) for purposes of testing the sufficiency of a pleading, a motion to dismiss because the statute of limitations has run may be utilized, without supporting affidavits, whenever the time alleged in the statement of claim shows that the cause of action, whether ex contractu or ex delicto, has not been brought within the statutory period."

If the plaintiff had desired to plead any facts which would take the case out of the statute of limitations, it should have been set forth in the complaint; and we do not think a reply necessary.

The defendant's motion for an order requiring the plaintiff to reply will be denied.