## DIESINGER v. AMERICAN & FOREIGN INS. CO.

### Civ. A. No. 1771.

District Court, E. D. Pennsylvania.

Jan. 23, 1942.

Joseph S. Conwell, Jr. (of Pepper, Bodine, Stokes & Schoch), all of Philadelphia, Pa., for plaintiff.

Horace Michener Schell, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action on a jeweler's block policy to recover the value of jewelry stolen from one of the stores of the insured. The suit was instituted in the Court of Common Pleas of Philadelphia County and a statement of claim was filed. Thereafter the action was removed to this court.

---

Defendant has filed a motion under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement of plaintiff's claim in a number of respects. Plaintiff has agreed to amend and supply the requested facts in all particulars except one, and the question of whether defendant is entitled to further information in this respect is the sole issue before me.

The information requested by defendant is the location within plaintiff's store of the various items of the insured property at the time of the theft. This request is predicated upon the facts that a proposal, executed by the plaintiff and made part of the policy in suit, set forth the maximum value of jewelry which would be displayed in the store window and that the proposal further provided it should constitute a warranty. It is contended by the defendant that it must, therefore, have information on this subject before it "can either admit or deny liability."

■ Defendant's motion in reality is directed at the sufficiency of the complaint rather than at its lack of definiteness. If it were true, as defendant contends, that plaintiff has failed to state sufficient facts to show that he has sustained a loss covered by the policy, the remedy of the defendant is to file a motion to dismiss. The function of a motion under this rule to compel the inclusion of further particulars in a complaint is to enable the defendant properly to prepare his responsive pleading and not to challenge the sufficiency of the claim asserted. In Louisiana Farmers' Protective Union, Inc. v. Great A. & P. Tea Co. of America, Inc., D.C., 31 F. Supp. 483, at page 493, the court stated: "The purpose of a bill of particulars is to furnish the moving party with information needed to enable him to prepare his responsive pleadings and to prepare generally for trial, and a motion therefor should not be used as a forerunner of, or in the nature of a substitute for, a motion to dismiss. Questions as to the sufficiency of the complaint in the respect indicated should be raised directly and not by indirection."

And in Gumbart v. Waterbury Club Holding Corp., D.C., 27 F.Supp. 228, it was held that a motion for a more definite complaint will be denied where it appears that the defendant needed the information not to prepare its answer but to pave the way for a motion attacking the legal sufficiency of the expanded complaint.

■ In any event, however, it appears that the complaint is sufficient as it stands. Plaintiff has averred that the policy was in full force and effect at the time the theft occurred. If defendant's argument were to prevail, plaintiff would likewise be obliged to set forth the situation at the time of the theft with respect to all other statements he made in the proposal, such as the maintenance of a double entry bookkeeping system and the annual taking of a detailed stock inventory. If, however, defendant seeks to avoid liability under this policy on the ground of a breach of an alleged warranty, this is a matter of defense which need not be anticipated in plaintiff's complaint. See Glantz v. Western Assurance Co. (decided January 2, 1942 by Judge Lewis, Lackawanna County, Pa.).

The motion is denied.