CATHER v. OCEAN ACCIDENT & GUAR-
ANTEE CORPORATION, LIMITED, OF
LONDON, ENGLAND.

Civ. A. No. 32–50.

United States District Court
D. Nebraska, Lincoln Division.

July 24, 1950.

Jack M. Pace, Mockett, Davies, Pace &
Perkins, of Lincoln, Neb., for the plaintiff.

Max Kier, of Lincoln, Neb., for the de-
fendant.

DELEHANT, District Judge.

The defendant, in this action in
which jurisdiction rests on diversity of
citizenship, has presented a consolidated
motion directed against the complaint, in

the first four paragraphs of which it asks that the plaintiff be required to plead, by a short statement of their substance and by setting out their terms, a policy of insurance, and an endorsement thereon, referred to in the complaint, and also to attach to the complaint copies of the policy and endorsement. To that extent, the motion is one for a more definite statement. In its fifth and final paragraph, the motion asks that the action be dismissed for the asserted failure of the complaint to state a claim on which relief can be granted. That motion in its entirety is the item now before the court.

The complaint asks, in the alternative, for the specific performance of a definitely numbered policy of workmen's compensation insurance allegedly issued by the defendant and thereafter, by endorsement, extended in its coverage to the plaintiff as an employer, or for judgment against the defendant in the amount of the alleged present value of a Nebraska compensation court's award against the plaintiff in favor of a designated employee of the plaintiff injured in an accident arising out of and in the course of his employment by the plaintiff during the effective period of the policy. The complaint's allegations touching the policy and the endorsement are very brief. No copy of either instrument is attached to the pleading, nor are the essential contents of either copied or summarized in the body of the complaint. However, the defendant concedes its actual knowledge of the exact contents of both papers.

█ In the existing circumstances the motion for further pleading respecting the policy and endorsement should be, and is being denied and overruled. The complaint sufficiently apprises the defendant of the exact policy of workmen's compensation insurance issued by the defendant under which the plaintiff alleges that he is entitled to coverage and protection, and also describes the employee and the injury out of whom and which their controversy arises. He thereby advises the defendant of the source, nature and ground of his claim with adequate detail to enable the defendant to prepare a responsive pleading setting up its defense to that claim.

No more is required under the related Rules 8 and 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. See United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510, and cases cited.

█ It is quite obvious that the defendant, in good faith, considers that, if the exact contents of the policy and endorsement were set out in the complaint, a motion to dismiss the complaint would be supportable. But Rule 12(e), even in its original form, was not employable as a device for the revision of a complaint at the behest, and to suit the wish, of a defendant in order that by adequate factual exposure it might be made vulnerable to a motion to dismiss. E. I. DuPont deNemours & Co. v. Dupont Textile Mills, D. C. Pa., 26 F.Supp. 236; Louisiana Farmers Protective Union v. Great Atlantic & Pacific Tea Co., D.C.Ark., 31 F.Supp. 483; Gumbart v. Waterbury Club Holding Corp., D.C.Conn., 27 F.Supp. 228; Diesinger v. American & Foreign Ins. Co., D.C.Pa., 2 F.R.D. 221. And, in its current revised form, its use in that manner is even more inappropriate. While some doubt touching the significance and function of the rule as originally promulgated may have warranted its employment for the purpose of baring theretofore concealed infirmities in a prior pleading justifying a summary attack upon it (e. g. some observations in Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865), the manifest definition of its purpose reflected in its recent amendment admonishes trial courts not to utilize it for the indirect accomplishment of objectives beyond its declared reach and function.

██ The defendant's admitted knowledge of the facts and possession of the physical material whose detailed averment its motion demands are additional and persuasive considerations arguing for the denial of the request. As between the parties, the purpose of the complaint is to inform the defendant of the foundation of the plaintiff's claim against it. This the present complaint undeniably does. There is nothing in the plaintiff's claim which, to the defendant, is at all "vague" or "ambiguous" within the meaning of Rule 12 (e). It fully knows the particulars for

whose detailed exposure it now moves. Therefore, it fails to bring itself within the scope of Rule 12(e). Mitchell v. Brown, D.C.Neb., 2 F.R.D. 325. In the exercise of the discretion committed to it under the rule, United States v. Association of American Railroads, supra; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; William F. Luebke Co. v. Manhardt, D.C.Wis., 37 F.Supp. 13, the court entertains no doubt respecting the invalidity of the motion for more definite statement.

The motion to dismiss is unsupported by either argument or brief; and it is clearly not well taken. It, too, is being denied and overruled.

Upon request of the defendant, the time for the service and filing of its answer is being enlarged by the order now entered.